IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMUNDO I. AGUILAR,

    **Plaintiff,**

v.                                        CASE NO. 23-3135-JWL

MARK SMITH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Raymundo I. Aguilar is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff asserts claims of malicious prosecution, false arrest, unreasonable seizure, failure to train, manufacture of inculpatory evidence, and false imprisonment. All of the claims relate to his state criminal proceedings in Case No. 19-CR-3009, in the District Court of Sedgwick County, Kansas. Plaintiff alleges that on March 5, 2021, he was "discharged on Count 2 of Aggravated Criminal Sodomy resulting in favorable termination." (Doc. 1, at 3.) Plaintiff alleges that he has been in custody at the SCJ since October 3, 2019. *Id*.

Plaintiff names as defendants: Mark Smith, Law Enforcement Officer; Shannon Wilson, Assistant District Attorney; Moriah Plowden, Assistant District Attorney; James Pearman,

EMCU Detective; Kasey Weidner, Law Enforcement Officer; Alison Larison, Law Enforcement Officer; (fnu) Muttern; Sedgwick County, Kansas, Board of Commissioners; and Dalena Mar, DCF State Child Advocate.  Plaintiff seeks damages and unspecified injunctive relief.  *Id*. at 8.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  Improper Defendants

Plaintiff names the county prosecutors as defendants.  Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against the county prosecutors should not be dismissed based on prosecutorial immunity.

Plaintiff has also named the Exploited and Missing Children Unit ("EMCU") investigator as a defendant.  The Tenth Circuit has held that "[a]n investigator who prepares a criminal complaint and seeks an arrest warrant is therefore entitled to absolute immunity." *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006) (citing *Roberts v. Kling*, 144 F.3d 710, 711 (10th Cir. 1998)).  "[P]rosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature." *Id*.  Immunity is determined by "the nature of the function [the defendant] performed, not the identity of the actor who performed it." *Id*. (citing *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005)).

#### 2. Younger Abstention

The Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th

Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Case No. 19-CR-3009 is still pending with post-trial motions. *See State v. Aguilar*, Case No. 19-CR-3009, filed October 8, 2019 (Sedgwick County District Court). Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Such a claim may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages). Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings.

### 3. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see*

*Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff alleges that Count 2 of his criminal case was dropped. However, the online docket shows that Plaintiff was found guilty at a criminal trial held on February 21, 2023, and sentenced on June 23, 2023. *See State v. Aguilar*, Case No. 19-CR-3009 at Action 332, Hearing 57. The record shows that on March 11, 2021, the original charge of aggravated criminal sodomy was amended to aggravated indecent solicitation of a child; sex act with a child < 14. *Id*. at Action 41. The charge was amended, not dropped.

7

This situation is distinguishable from a case where the charges were dismissed and plaintiff entered a plea agreement on *unrelated* charges.  *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action.").  Plaintiff in this case is seeking damages for the time he was detained and incarcerated.  However, Plaintiff was detained based on the incident for which he was ultimately convicted.  *See Wilkins v. City of Tempe*, No. CV 09-00752-PHX-MHM, 2010 WL 94116, at *3 (D. Ariz. Jan. 6, 2010) (distinguishing *Butler* and finding that "[t]he fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in *Butler*, arises out of the same incident that led to the original charges").  If this Court were to find that Plaintiff was entitled to damages for being detained and incarcerated, the invalidity of his criminal convictions would be necessarily implicated.  *See Wingo v. Mullins*, No. 09-CV-445-GKF-TLW, 2009 WL 4404278, at *2 (N.D. Okla. Nov. 25, 2009) ("To the extent Plaintiff claims that the conduct of Defendants . . . destroyed his business, the Court concludes that any damage to Plaintiff's business which arose prior to his convictions is 'inextricably intertwined' with the allegations resulting in his conviction.") (citation omitted).  "The Court finds Plaintiff has failed to demonstrate that he suffered an actual compensable injury unrelated to his conviction and imprisonment which would survive the holding of *Heck*."  *Id*.  Plaintiff is directed to show cause why this matter should not be dismissed as barred by *Heck*.

**4. Motion for Appointment of Counsel**

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3), arguing that he has been unable to obtain counsel.  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v.*

*Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 27, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 27, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE