IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMUNDO I. AGUILAR,

      **Plaintiff,**

      v.                                 **CASE NO.  23-3135-JWL**

MARK SMITH, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.  On June 27, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 8).

Plaintiff asserts claims of malicious prosecution, false arrest, unreasonable seizure, failure to train, manufacture of inculpatory evidence, and false imprisonment. All of the claims relate to his state criminal proceedings in Case No. 19-CR-3009, in the District Court of Sedgwick County, Kansas.  Plaintiff alleges that on March 5, 2021, he was "discharged on Count 2 of Aggravated Criminal Sodomy resulting in favorable termination."  (Doc. 1, at 3.) Plaintiff alleges that he has been in custody at the SCJ since October 3, 2019.  *Id*.

Plaintiff names as defendants: Mark Smith, Law Enforcement Officer; Shannon Wilson, Assistant District Attorney; Moriah Plowden, Assistant District Attorney; James Pearman, EMCU Detective; Kasey Weidner, Law Enforcement Officer; Alison Larison, Law Enforcement

Officer; (fnu) Muttern; Sedgwick County, Kansas, Board of Commissioners; and Dalena Mar, DCF State Child Advocate.  Plaintiff seeks damages and unspecified injunctive relief.  *Id*. at 8.

The Court found in the MOSC that Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity.  Plaintiff has also named the Exploited and Missing Children Unit ("EMCU") investigator as a defendant.  The Tenth Circuit has held that "[a]n investigator who prepares a criminal complaint and seeks an arrest warrant is therefore entitled to absolute immunity." *Joseph v. Shepherd*, 211 F. App'x 692, 697 (10th Cir. 2006) (citing *Roberts v. Kling*, 144 F.3d 710, 711 (10th Cir. 1998)).  "[P]rosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature."  *Id*.  Immunity is determined by "the nature of the function [the defendant] performed, not the identity of the actor who performed it."  *Id*. (citing *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005)).  Plaintiff argues in his response that defendants are not entitled to qualified immunity.  (Doc. 8, at 1–3.)  However, the Court did not address qualified immunity in the MOSC.  Plaintiff has failed to show good cause why his claims against these defendants should not be dismissed.

The Court also found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  At the time the MOSC was entered, an online Kansas District Court Records Search showed that Case No. 19-CR-3009 was still pending with post-trial motions.  *See State v. Aguilar*, Case No. 19-CR-3009, filed October 8, 2019 (Sedgwick County District Court).  The docket in Case No. 19-CR-3009 now shows that the case is on appeal.  *Id*.  The Court directed Plaintiff to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings.  Plaintiff has failed to show good cause why the Court should not

abstain.

The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus, and before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff argues that Count 2 of his criminal case was dropped. The Court found in the MOSC that the online docket shows that Plaintiff was found guilty at a criminal trial held on February 21, 2023, and sentenced on June 23, 2023. *See State v. Aguilar*, Case No. 19-CR-3009 at Action 332, Hearing 57. The record shows that on March 11, 2021, the original charge of aggravated criminal sodomy was amended to aggravated indecent solicitation of a child; sex act with a child < 14. *Id*. at Action 41.

In his response, Plaintiff argues that Count 2 was dismissed for lack of prosecution. (Doc. 8, at 3–4.) Plaintiff argues that he was therefore illegally detained. However, he does not address the fact that he was held on the remaining and amended counts. Plaintiff attaches a copy of the Journal Entry from his Preliminary Examination, showing that Count 2 was dismissed, "but Court binds over on the felony—Agg. Ind. Sol. of Child, KSA 21-5508(b)(1)." Doc. 8–1, at 1; *see also* Doc. 8, at 19 (Plaintiff acknowledges he was bound over for trial on the remaining counts); Doc. 8, at 22 ("Plaintiff notes that he has been convicted on the remaining counts . . . .").

The Court noted in the MOSC that this situation is distinguishable from a case where the

charges were dismissed and plaintiff entered a plea agreement on *unrelated* charges. *Cf. Butler v. Compton*, 482 F.3d 1277, 1281 (10th Cir. 2007) ("Mr. Butler's conviction on unrelated charges may not form the basis for the application of *Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action."). Plaintiff in this case is seeking damages for the time he was detained and incarcerated. However, Plaintiff was detained based on the incident for which he was ultimately convicted. *See Wilkins v. City of Tempe*, No. CV 09-00752-PHX-MHM, 2010 WL 94116, at *3 (D. Ariz. Jan. 6, 2010) (distinguishing *Butler* and finding that "[t]he fact that the crimes which Plaintiff ultimately plead guilty to were not the ones with which he was originally charged is irrelevant; his conviction, unlike the one in *Butler*, arises out of the same incident that led to the original charges"); *see also Grainger v. Buckhannon*, 2022 WL 2168079, at n. 4 (D.S.C. June 5, 2022) (noting that the Supreme Court's decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), did not directly address proceedings involving multiple charges where some resulted in the plaintiff's conviction and others were dismissed). If this Court were to find that Plaintiff was entitled to damages for being detained and incarcerated, the invalidity of his criminal convictions would be necessarily implicated.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated July 31, 2023, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**